**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. f/k/a The Bank of New York Trust Company N.A., as successor-in-interest to JPMorgan Chase Bank, N.A. f/k/a JPMorgan Chase Bank as Trustee for MASTR Alternative Loan Trust 2003-5, Mortgage Pass-Through Certificates, Series 2003-5, | CIVIL ACTION NO. 3:13-CV-942 (JUDGE CAPUTO) |
| Plaintiff, | |
| v. | |
| ADA WINTER, et al., | |
| Defendants. | |

<u>**MEMORANDUM**</u>

Presently before the Court is the Mortgage Foreclosure Complaint of Plaintiff The Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company N.A., as successor-in-interest to JPMorgan Chase Bank, N.A. f/k/a JPMorgan Chase Bank as Trustee for MASTR Alternative Loan Trust 2003-5, Mortgage Pass-Through Certificates, Series 2003-5 ("BNY"). (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

**I. Background**

Plaintiff filed this action on April 12, 2013. Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The Complaint states that BNY "is a National Bank having a place of business in 11200 West Parkland Drive, Milwaukee, WI 53224." (Compl., ¶ 1.) It also states that Defendants Ada Winter,

Marc Winter, and Marc Winter, as Trustee for Monroe County Collbaugh Township Pennsylvania K-813 Lee Drive Winter Family Living Trust "reside at 1893 Lee Drive, Tobyhanna, PA 18466 . . . ." (*Id*. at ¶ 2.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte.  See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)).  Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen

2

of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In contrast, "national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has interpreted this language to mean that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

In the *sub judice*, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the national banking association Plaintiff. While Plaintiff avers in its Complaint that it is a national bank having a place of business in Wisconsin, this appears to be an insufficient declaration of citizenship. Instead, the Complaint must state the location of BNY's main office as it appears in its articles of association.[1]

In addition, diversity is insufficiently alleged as to Defendants. Plaintiff alleges in its Complaint that Defendants "reside" in Pennsylvania. (Compl., ¶ 2.) It is well established that the term "citizenship" is not synonymous with "resident." *See Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity; two elements are necessary to establish domicile, residency coupled with an intent

---

[1] There is divergent authority as to whether a national banking association is also a citizen of the state in which it holds its principal place of business. *See, e.g., MBIA Ins. Corp. v. Royal Indem. Co.*, 294 F. Supp. 2d 606, 611 (D. Del. 2003) (holding that "a national bank is located for purposes of Section 1348 only where it has its principal place of business and in the state designated in its organization certificate"); *cf. Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1060 (C.D. Cal. 2012) (holding that a national bank is "only a citizen of a single state: the state in which it was incorporated").

to continue to remain in that location"); *see also Wachovia Bank, N.A. v. Ford*, No. 3:09-CV-778, 2009 WL 1140532 (M.D. Pa. Apr. 27, 2009).  Here, to properly allege diversity, Plaintiff must allege Defendants' state of citizenship, not merely Defendants' state of residence.

Therefore, because Plaintiff fails to allege necessary facts regarding the citizenship of the parties, the Court cannot determine whether complete diversity of citizenship exists and thus cannot exercise jurisdiction.

### III. Conclusion

Plaintiff's Complaint fails to show the existence of subject matter jurisdiction.  Plaintiff will be given twenty-one (21) days in which to file an amended complaint if it can show that diversity jurisdiction exists.  Failure to do so will result in this action being dismissed.

An appropriate order follows.


April 17, 2013                                     /s/ A. Richard Caputo
Date                                              A. Richard Caputo
                                                 United States District Judge